**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-25395-ELFENBEIN**

JOSE RAMON PAEZ,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND**
**COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** is before the Court on Plaintiff Jose Ramon Paez's ("Paez") Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (the "Motion"). *See* ECF No. [13]. In the Motion, Paez argues that the Commissioner of Social Security's ("the Commissioner") position was not "substantially justified" and that Paez is the "prevailing party." *Id.* at 1. Paez asks the Court to award $3,122.20 in attorney's fees, representing 11.9 hours of attorney time in 2025 and 2026 and $405.00 in costs. *See id.* at 2. The Commissioner does not oppose the Motion and does not object to the number of attorney hours, counsel's hourly rate, or the total amount of fees and costs requested. *See* ECF No. [14]. For the reasons explained below, the Motion, **ECF No. [13]**, is **GRANTED**.

I.      **BACKGROUND**

Paez brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's final decision denying his application for Social Security benefits. *See* ECF No. [1] at 1. After Paez moved for summary judgment, the Commissioner filed an unopposed motion to remand the matter

for further administrative proceedings.  *See* ECF Nos. [8], [10].  On March 27, 2026, the Court granted that motion, reversed the Commissioner's decision under sentence four of § 405(g), remanded the matter, and entered final judgment in Paez's favor.  *See* ECF Nos. [11], [12].  Paez filed the Motion for attorney's fees under the Equal Access to Justice Act (the "EAJA") on June 25, 2026, and the Commissioner does not oppose it.  *See* ECF Nos. [13], [14].

## II.      LEGAL STANDARDS

### A.  Entitlement to Costs and Fees Under the Equal Access to Justice Act

Under the EAJA, the Court may award "a judgment for costs" to "the prevailing party in any civil action brought" against "any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(a)(1).  Those costs are the ones enumerated in 28 U.S.C. § 1920, which include the "fees of the clerk."  28 U.S.C. § 1920(1).  The Court may also award "reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a)," to a prevailing party in such an action. 28 U.S.C. § 2412(b).  The applicable statute provides that "a court *shall* award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought … against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

To receive fees and costs, a party "shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in

2

behalf of the party, stating the actual time expended at the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  "The party shall also allege that the position of the United States was not substantially justified." *Id.*

A party is "prevailing" in a Social Security appeal if he wins "a remand order pursuant to sentence four of [42 U.S.C.] § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).  A party is "eligible to receive an award" if his "net worth" does "not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).  The "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or omission by the agency upon which the civil action is based.  28 U.S.C. § 2412(d)(2)(D).

EAJA's attorney's fee awards are payable not to the lawyer but "to the litigant," which means that any such award is subject to "a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  The litigant may, however, assign his "rights in the fees award to the attorney." *Id.* at 597.  Such an assignment is valid if it either complies with the Anti-Assignment Act or is excused by the government's waiver of that Act's requirements. *See* 31 U.S.C. § 3727(b); *Arthur Pew Construction Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992).  If the litigant "does not owe a debt to the government and assigns the right to receive the fees to the attorney," the government will pay the award to the attorney directly.  *Astrue*, 560 U.S. at 597.

While those principles govern who receives an award, a different set of provisions governs the source of the funds used to pay it.  Attorney's fees awarded under subsection (d) "shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."  28 U.S.C. § 2412(d)(4).  Costs awarded under subsection (a), by

contrast, "shall be paid as provided in sections 2414 and 2517 of this title," that is, from the Judgment Fund.  28 U.S.C § 2412(c)(1); 31 U.S.C. § 1304.

### B.  Calculating Attorney's Fee Awards Generally

To calculate attorney's fee awards, courts generally use the "lodestar" method.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Inj. Treatment Ctr.*, 2022 WL 17325834, at *2.  "The most useful starting point for determining the amount of a reasonable fee" using the lodestar method "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . [which] provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that the lodestar is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate" (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984))).  "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).

"The first step in the computation of the lodestar is determining the reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).  "The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.  "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 437). "This must necessarily mean that the hours

4

excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. If it were otherwise, an inexperienced or unskillful attorney would face a double penalty.  First, his hourly rate would be lowered and second, his time reduced." *Id.* (emphasis and citation omitted).

The "district court is charged with deducting for redundant hours.  Redundant hours generally occur where more than one attorney represents a client.  There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02.  The "district court must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302.  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350; *see also Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

As noted above, the "product" of the reasonable hourly rate and the number of hours reasonably expended on the litigation "is the lodestar." *Bivins*, 548 F.3d at 1350.  After determining the lodestar amount, courts can "adjust the fee upward or downward, including [by considering] the important factor of the results obtained." *Hensley*, 461 U.S. at 434 (quotation marks omitted).  "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302.  "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.*; *see also Bivins*, 548 F.3d at 1350–51 ("When the number of compensable hours and the hourly rate are reasonable, a

downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts."). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302. "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised." *Id.* (citation omitted).

### C. Calculating Attorney's Fee Awards in Equal Access to Justice Act cases

When calculating an award of attorney's fees under the Equal Access to Justice Act, the "amount of fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Eleventh Circuit has recognized that the Equal Access to Justice Act "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step in the analysis" is "to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation," *id.* (alterations adopted, quotation marks omitted), which is the same first step used in the traditional lodestar analysis. *See Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1299. "The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward from $75 to take into account an increase in the cost of living, or a special factor." *Meyer*, 958 F.2d at 1033–34; *see* 28 U.S.C. § 2412(d)(2)(A).

When performing this rate adjustment, courts in this District have found proposed hourly rates reasonable when they have relied on cost-of-living increases in the Consumer Price Index. *See, e.g.*, *Rodriguez v. Kijakazi*, No. 21-CV-22170, 2023 WL 3852275, at *3 (S.D. Fla. May 26, 2023), *report & recommendations adopted*, No. 21-CV-22170, 2023 WL 3845131 (S.D. Fla. June 6, 2023) (Williams, J.); *Romero v. Comm'r of Soc. Sec.*, No. 21-CV-22246, 2022 WL 2289222, at *3 & n.3 (S.D. Fla. June 14, 2022), *report & recommendations adopted*, No. 21-CV-22246, 2022 WL 2290578 (S.D. Fla. June 24, 2022).

### III.    DISCUSSION

As noted above, the Court must award costs and attorney's fees to a party who prevailed and is eligible, unless the United States' position in the case was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A)–(B). The Supreme Court has recognized that a party is "prevailing" in a Social Security appeal if he or she wins "a remand order pursuant to sentence four of [42 U.S.C.] § 405(g)." *Shalala*, 509 U.S. at 300. And, by definition, a party is "eligible to receive an award," if his "net worth" does "not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Moving to the final requirement, a plaintiff must show that "the position of the United States was not substantially justified," as the statute mandates. *Id.* § 2412(d)(1)(B). The Court's analysis of whether the United States' position was substantially justified is based on "the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *id.* § 2412(d)(2)(D) (noting that the United States' position is both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based").

Here, the Court agrees that Paez is the prevailing party because Defendant filed an unopposed Motion to Remand, which the Court granted pursuant to sentence four of 42 U.S.C. § 405(g), and it thereafter entered Final Judgment in Paez's favor. *See* ECF Nos. [10], [11], [12]. Paez also meets the financial-eligibility requirement because his application represents that his net worth did not exceed $2,000,000 at the time this action was filed. *See* ECF No. [13] at 2. The record further supports the conclusion that Defendant's position was not substantially justified, as Defendant itself requested the remand pursuant to sentence four of § 405(g). *See* ECF No. [10]. Additionally, Defendant did not oppose the Motion or argue that its position was substantially justified, *see* ECF No. [14], and the record does not reveal any special circumstances that would make an award unjust. *See id.* As a result, the Court finds that Paez has met all the requirements for an award of costs and attorney's fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412.

The only remaining step is for the Court to calculate the appropriate amount of attorney's fees. Fee awards under the Equal Access to Justice Act must be "based upon prevailing market rates for the kind and quality of the services furnished," and the hourly rate cannot exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Paez seeks attorney's fees for time billed by his counsel, Richard A. Culbertson ("Culbertson"), at a rate of $258.46 per hour for work performed in 2025 and $262.85 per hour for work performed in 2026. *See* ECF No. [13] at 2.

After reviewing hourly rates that courts in this District have found reasonable in recent similar cases, *see Hensley*, 461 U.S. at 430 n.3, and in view of the Court's own knowledge and experience in this District for almost twenty years, *see Norman*, 836 F.2d at 1303, the Court finds that the market rate for Social Security matters is greater than $125 per hour. In a 2023 decision,

8

for example, Magistrate Judge Sanchez found reasonable an hourly rate of "$217.54 for 2021 and $234.95 for 2022 and 2023," *Rodriguez*, 2023 WL 3852275, at *2, and that finding was later adopted by District Judge Williams, *see Rodriguez*, 2023 WL 384513, at *1.  Similarly, in a 2022 decision, then-Magistrate Judge Becerra found reasonable an hourly rate of  "$217.54 for 2021 and $225.71 for 2022," *Romero*, 2022 WL 2289222, at *3 & n.3, and that finding was later adopted by District Judge Martinez, *see Romero*, 2022 WL 2290578, at *1.  Those findings support a conclusion that the market rate for Social Security matters is greater than $125 per hour.

As a result, the Court moves to the second step of the rate analysis: determining whether to adjust the hourly fee upward to account for a cost-of-living increase or another special factor. *See Meyer*, 958 F.2d at 1033–34; 28 U.S.C. § 2412(d)(2)(A).  In evaluating adjustments of hourly rates, courts in this District have found that using data from the Consumer Price Index is appropriate.  *See, e.g.*, *Rodriguez*, 2023 WL 3852275, at *2; *Romero*, 2022 WL 2289222, at *3 & n.3.  Following that lead, the Court finds Culbertson's proposed hourly rates of $258.46 for 2025 and $262.85 for 2026 reasonable because each accurately reflects a factually warranted adjustment of the $125 statutory rate for the increase in the cost of living based on the Consumer Price Index.

Moving to the second step in the lodestar analysis, which this Circuit uses to determine attorney's fee awards both generally, *see Norman*, 836 F.2d at 1299, and in the Equal Access to Justice Act context, *see Rodriguez*, 2023 WL 3852275, at *3; *Romero*, 2022 WL 2289222, at *3 & n.3, the Court must determine the number of hours reasonably expended on the litigation, *see Barnes*, 168 F.3d at 427.  Paez notes that Culbertson spent 11.9 hours on this case and includes a detailed breakdown of the tasks performed, when he performed those tasks, and how long each task took.  *See* ECF No. [13] at 9.  The Court has reviewed Culbertson's time entries, and based on its own knowledge and expertise, finds that the 11.9 hours Culbertson spent

prosecuting this action are reasonable. *See Norman*, 836 F.2d at 1303; *Rodriguez*, 2023 WL 3852275, at *3; *Romero*, 2022 WL 2289222, at *3.

The final step in the lodestar analysis is simply to multiply the number of hours Culbertson reasonably expended on the litigation by his reasonable hourly rate. *See Hensley*, 461 U.S. at 433; *Barnes*, 168 F.3d at 427. Because Culbertson billed at a different rate in each year, the Court performs that calculation separately for each. Multiplying the 1.3 hours Culbertson expended in 2025 by his 2025 rate of $258.46 per hour equals $335.99, and multiplying the 10.6 hours he expended in 2026 by his 2026 rate of $262.85 per hour equals $2,786.21. Added together, those amounts equal $3,122.20, which is the lodestar. *See Hensley*, 461 U.S. at 433; *Bivins*, 548 F.3d at 1350; *Barnes*, 168 F.3d at 427. It is also the amount of attorney's fees Paez requests. *See* ECF No. [13] at 1-2. Although the Court can adjust the lodestar amount upward or downward, *see Hensley*, 461 U.S. at 434, the Court finds that $3,122.20 is the reasonable sum Culbertson deserves. *See Bivins*, 548 F.3d at 1350 (noting that there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve).

Paez asks the Court to direct payment to Culbertson, *see* ECF No. [13] at 2, which he is permitted to do, *see Astrue*, 560 U.S. at 596–97. Because Defendant does not object to Paez's assignment or request, the Court finds that Defendant has waived the requirements of the Anti-Assignment Act. *See Rodriguez*, 2023 WL 3852275, at *4; *Lipscomb*, 965 F.2d at 1576.

Paez also seeks $405.00 in costs, representing the filing fee for this action. *See* ECF No. [13] at 1. Because Paez is the prevailing party and Defendant does not object to the amount requested, the Court finds that Paez is entitled to recover $405.00 in costs. *See* 28 U.S.C. § 2412(a)(1); 28 U.S.C. § 1920(1). Given that the attorney's fees and the costs are payable from separate sources, the Court awards them separately. *See* 28 U.S.C. § 2412(c)(1), (d)(4).

Case No. 25-CV-25395-ELFENBEIN

## IV. CONCLUSION

Accordingly, Paez's Motion, **ECF No. [13]**, is **GRANTED**.  Paez is **AWARDED** $3,122.20 in attorney's fees under the Equal Access to Justice Act to be paid to Culbertson, subject to offset against any pre-existing debt that Paez may owe to the United States.  Paez is further **AWARDED** $405.00 in costs under 28 U.S.C. § 2412(a)(1) to be paid from the Judgment Fund, 31 U.S.C. § 1304.

**DONE AND ORDERED** in Chambers in Miami, Florida on July 31, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

11